IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Tracey L. Lampley,

        Plaintiff,

v.                                         Case No. 1:24-cv-4878-MLB

Mary J. Palmer, et al.,

        Defendants.

_____/

## ORDER

In November 2024, Plaintiff Tracey Lampley sued Defendants Mary Palmer, Randall Meyer, Ohio Bureau of Worker's Compensation, the State of Ohio, David Yost, Ohio Governor Mike DeWine, and several fictitious parties. (Dkt. 3.) Defendants Meyer and Ohio's Bureau of Worker's Compensation later moved to dismiss, and Plaintiff responded. (Dkts. 10, 13.) In the light of the Court's conclusion that Plaintiff must replead and file an amended complaint within 21 days of this Order, the Court denies as moot Defendants' motion to dismiss and other particular motions arising from the original complaint.

I.  **Discussion**

   A.  **Shotgun Complaint**

The Court recognizes Plaintiff is appearing pro se and affords her complaint greater leniency. *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a *pro se* action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980))). This leniency, however, neither excuses a party from complying with threshold requirements of the Federal Rules of Civil Procedure nor "permit[s] the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).[1]

The Federal Rules of Civil procedure establish two pleading axioms. Rule 8 requires—in "simple, concise, and direct" terms—a "short and plain statement of the claim showing that the pleader is entitled to

---

[1] The Court recognizes *Lampkin-Asam* is unpublished and not binding. The Court cites it and other unpublished cases nevertheless as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

relief." Fed. R. Civ. P. 8(a)(2), (d)(1).  Additionally, Rule 10 mandates litigants to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  The Eleventh Circuit refers to complaints violating these rules as "shotgun pleadings."  *See Yeyille v. Mia. Dade Cnty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016); *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Shotgun pleadings are cumbersome, confusing complaints" that "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Yeyille*, 643 F. App'x at 884; *Weiland*, 792 F.3d at 1323.  As a result, they prevent a defendant from properly framing a responsive pleading. *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).  The Eleventh Circuit has "little tolerance" for such pleadings because they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on [federal] court dockets, and undermine the public's respect for the courts."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Accordingly, the Eleventh Circuit has repeatedly urged

district courts to "confront shotgun pleadings head on at the earliest stages of litigation." *Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (Tjoflat, J., concurring); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (district courts have a "duty" to address shotgun pleadings "at the earliest stages of litigation"). This is the case even if defendants do not move to strike the pleadings. *See Vibe Micro*, 878 F.3d at 1295; *see also U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader.").

Plaintiff's complaint fits this label for several reasons. First, the complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Plaintiff says she asserts the following claims:

(1) Defendant retaliated against me by withholding COLA benefits for my disability retirement;

(2) Due to sex and race discrimination, defendant withheld promotion that would have paid equal pay for equal work that resulted in a lower retirement benefit;

(3) Defendant continuously interferes with my life by gaslighting me;

(4) Defendant made healthcare premiums unaffordable;

(5) Defendant has interfered with plaintiff's business relationship with accountant to cause accountant to intentionally gaslight her about taxes;

(6) Defendant has caused State Auto Insurance to deny me a reasonable settlement for its insured injuring plaintiff; and

(7) Defendant has interfered with Plaintiff's ability to seek legal assistance for auto accidents and for lawsuits due to State Auto Insurance and State Farm Insurance insured's negligence and wrongdoing.

(Dkt. 3 at 4–5.)  Putting aside the fact she asserts no facts supporting these claims, she—as Defendants aptly note (Dkts. 10-1 at 12; 14 at 8)—asserts all her claims against "defendant" without specifying to which party she is referring.  She neither ties specific acts or omissions to specific Defendants nor pleads facts indicating how or why all the acts or omissions are attributable to all Defendants.  Yet "[i]n multiparty litigation, . . . the Federal Rules do not permit a party to aggregate allegations against several defendants in a single, unspecific statement." *Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005).  Aggregating claims in this way makes it difficult for each Defendant to determine what Plaintiff alleges he or she did or failed

5

to do and thus fails to provide each Defendants adequate notice of the claims against him or her.

Second, the complaint is "replete with conclusory, vague, and immaterial facts [or allegations] not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Consider, for example, Plaintiff's third claim. She alleges "[d]efendant continuously interferes with my life by gaslighting me." (Dkt. 3 at 4.) None of this asserts a cognizable cause of action. Indeed, Plaintiff's generalized grievances of "gaslighting" and interfering with her life and other relationships lack any connection to a cause of action and leave Defendants—and the Court—confused. (Dkt. 3 at 4–5.) Only adding to this confusion, Plaintiff's response in opposition does nothing to clarify what she means. In fact, she says her complaint plausibly pleads *new* causes of action, including breach of contract, unjust enrichment, fraud or misrepresentation, retaliation, and ERISA violations. (Dkt. 13 at 2.) While the Court liberally construes pro se pleadings, Plaintiff must still give some indication of legally cognizable harms she has suffered. *See Williams v. Donald*, 2009 WL 2589595, at *4 (M.D. Ga. Aug. 19, 2009) ("While *pro se* parties' pleadings are construed liberally, courts are not

required to aid litigants in setting forth legally cognizable claims[.]"); *see also Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Even giving Plaintiff's claims a liberal construction, she hasn't done that here.

And if any doubt remained about the Court's observations, Defendants themselves have recognized many of these failures. They, for example, note the difficulty in understanding Plaintiff's allegations and even identify many of the previously mentioned deficiencies. (*See, e.g.*, Dkt. 10-1 at 11 ("Plaintiff's Complaint fails to delineate any specific allegations against either of the Defendants, depriving each Defendant of the ability to understand what it is alleged to have done to Plaintiff and the ability to properly defend themselves[.]").). This and like admissions only confirm this complaint exhibits the "unifying characteristic of all types of shotgun pleadings": the failure to give "adequate notice of the claims . . . and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. So the Court finds repleader

necessary and gives Plaintiff one opportunity to fix these issues.[2] *Vibe Micro*, 878 F.3d at 1295 (requiring repleader upon the finding of a shotgun complaint); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (Before dismissing a shotgun pleading, "a district court must give the plaintiff 'one chance to remedy such deficiencies.'" (quoting *Vibe Micro*, 878 F.3d at 1295)). Allowing Plaintiff to amend her complaint gives her fair notice of the defects in her complaint and (with direction from the Court) a meaningful chance to fix them. *Jackson*, 898 F.3d at 1358. The amended complaint must:

(1) address the deficiencies in this Order;

(2) follow the pleading requirements of Federal Rules of Civil Procedure 8 and 10;

(3) include a plain factual background setting forth specific and non-conclusory *factual* allegations that address each claim; and

---

[2] In the light of this conclusion, the Court should not yet address Defendants' argument that the statute of limitations likely bars this action. They say that the "action is likely barred by the statute of limitations" because "Plaintiff fails to specify which defendant employed her, the dates of her employment or any position, job title or potential promotion or any time period for any action." (Dkt. 10-1 at 13.) This argument is premature. Given that Plaintiff has not stated when any acts occurred or claims became viable and has instead made vague temporal references, it is pure speculation for Defendants to argue that her claims "could be" time barred.

(4) separate each factual allegation into a distinct, numbered paragraph so Defendants can respond to each allegation separately.

The Court also offers several additional, specific instructions. First, though not mandatory, she should note the capacity in which she sues *all* state actors in rather than just some. *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1047 (11th Cir. 2008) ("[P]laintiffs are not required to designate with specific words in the pleadings that they are bringing a claim against defendants in their individual or official capacities, or both." (citation omitted)). Second, Plaintiff pleads several claims with allegations about State Auto Insurance, State Farm Insurance, and her accountant. (Dkt. 3 at 5.) But they are not parties. She seems to say Defendants had something to do with the harms she allegedly experienced, but she never really explains how. Plaintiff must omit claims like these against non-parties and should instead allege facts that show, for example, **how** *Defendants* interfered with her other business relationships. Third, Plaintiff names two "John Doe[s]" in her complaint. (Dkt. 3 at 2.) Absent an irrelevant exception, federal courts forbid fictitious party pleading, so Plaintiff must remedy this in her amended complaint. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th

9

Cir. 2010); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997).

Fourth, Defendants correctly observe Plaintiff did not include any allegations supporting personal jurisdiction.[3] Plaintiff must do so. *See United Techs. Co. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."). Perhaps sensing this issue, she says in her response that "Defendant had continuous and systematic contacts with Georgia, satisfying general jurisdiction." (Dkt. 13 at 2.) This statement merely cites the relevant standard and concludes personal jurisdiction exists. That is not enough. Plaintiff also

---

[3] The Court recognizes Defendants move to dismiss for lack of personal jurisdiction and improper venue. (Dkt. 10.) Until the Court understands what Plaintiff's claims are, however, the Court finds these arguments premature. Because, for example, it is likely only specific jurisdiction applies for these Ohio-based Defendants, relatively clear underlying facts and claims are needed—things this complaint lacks. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (requiring "plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006) (noting "specific jurisdiction [is] a claim-specific inquiry"). That same reasoning prevents the Court from ruling on the venue objection.

10

stated in her response, "Defendant's actions caused harm to Plaintiff in Georgia, establishing specific jurisdiction." (Dkt. 13 at 2.) That is not enough either. Rather, Plaintiff must allege sufficient *facts* that, when taken as true, warrant the Court's exercise of personal jurisdiction over the Defendants.[4] The same is true to establish venue. She, for instance, argues "[a] substantial part of the events giving rise to the claim occurred in this district." (Dkt. 13 at 2.) Again, she may not offer conclusory statements like this to fulfill her burden of showing venue is proper; rather, she must allege specific facts that support this conclusion.

Finally, the Court reminds Plaintiff this amended complaint will supersede or replace the original complaint, so she must reallege the complaint in full. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes

---

[4] Plaintiff also argues Defendants wiring a disability retirement pension to her in Georgia satisfies Georgia's long-arm statute. (Dkt. 13 at 1.) Though the Court doesn't pass judgment on the issue, the Court doubts this argument would carry the day. *See Jones v. Weinger*, 2015 U.S. Dist. LEXIS 181136, at *23 (N.D. Ga. Sept. 8, 2015) ("[T]he Court would not be inclined to hold Defendants transacted business in Georgia by simply sending money into the State."). This is especially true when Defendants, without providing any evidence, say they aren't "responsible for administering disability retirement." (Dkt. 14 at 3.)

11

the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (internal quotation marks omitted)).  Plaintiff should remedy all of the deficiencies noted in this Order, keeping in mind the Court's guidance, ***before*** filing her amended complaint.  To be clear, if Plaintiff files another pleading with the same defects, the Court will dismiss this action case with prejudice.  *Jackson*, 898 F.3d at 1358 ("If that chance [to amend] is afforded and the plaintiff fails to remedy the defects, the district court does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds.").

In closing, the Court recognizes Plaintiff has moved to amend and has submitted a proposed amended complaint. (Dkts. 45, 45-1.)  Having reviewed the proposed amended complaint, it is in far worse shape than the original as it is replete with even more bizarre allegations disconnected from causes of action. (*E.g.*, Dkt. 45-1 at 6 ("State of Ohio prevents and interferes with Plaintiff's attempts to secure literary representation or a traditional publishing contract.").)  The Court warns Plaintiff that if she submits this version of her amended complaint, the

Court will likely dismiss it with prejudice as a shotgun complaint. So she should go back to the drawing board before repleading.

## II. Conclusion

The Court thus **ORDERS** Plaintiff to file an amended complaint, consistent with its instructions herein, within **21 days** from the date of this Order. **Failure to comply may result in sanctions, including dismissal**. Accordingly, the Court **DENIES AS MOOT** and without prejudice Defendants' Motion to Dismiss. (Dkt. 10.) In the light of the forthcoming amended complaint, the Court **DENIES AS MOOT** all other motions arising from the original complaint. (Dkts. 19, 41, 45, 46.)

**SO ORDERED** this 23rd day of July, 2025.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE