**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

Tracey L. Lampley,

Plaintiff,

v. Case No. 1:24-cv-4878-MLB

Ohio Bureau of Workers' Compensation, et al.,

Defendants.

_________________________________/

# ORDER

In October 2024, pro se Plaintiff Tracey Lampley sued a litany of people, asserting several unintelligible claims. (Dkt. 3.) In July 2025, the Court highlighted this incomprehensibility and ordered repleader within 21 days. (Dkt. 49.) Plaintiff filed her amended complaint. (Dkt. 52.) Now, Plaintiff moves to amend her complaint. (Dkt. 55.)[1]

[1] Two background points. First, because Plaintiff filed another amended complaint without leave and well beyond the Court's deadline, the Court disregards it. (*See* Dkt. 54.) And even if the Court had to consider it, it's subject to dismissal as a shotgun pleading. Second, while the original complaint named Defendants Ohio Bureau of Workers' Compensation *and* Randall J. Meyer, Plaintiff's operative complaint neither mentions

Defendant Ohio Bureau of Workers' Compensation moves to dismiss. (Dkt. 56.) Plaintiff does not respond, showing she doesn't oppose the motion. LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). The Court denies Plaintiff's motion, grants Defendant's motion, and denies as moot all other motions.

## I. Plaintiff's Motion to Amend

Plaintiff first moves to "add[] [a] charge of harassment by Defendant and its agencies," which the Court liberally construes as a motion to amend. (Dkt. 55.)[2] Since the Court has not yet entered a scheduling order, Rule 15 controls. Rule 15 allows parties to amend with leave of the court, which a court "should freely give [] when justice so

---

Meyer nor names Meyer as a party. (*See* Dkt. 52.) So the Court treats their joint filings as if only Defendant Ohio Bureau of Workers' Compensation filed them. At any rate, it makes little difference in this case because the defects Defendant raises plague all claims against each Defendant.

[2] Because Plaintiff proceeds pro se, her pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But this leniency doesn't give a court "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

requires." Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend when such amendment is futile. *Seiger ex rel. Seiger v. Philipp*, 735 F. App'x 635, 637 (11th Cir. 2018). Futility exists where when "the complaint as amended is still subject to dismissal." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004).

Defendant says, among other things, the amendment is futile because it "fails to delineate any specific factual allegations" against anyone and states no claim. (Dkt. 57 at 7–9.) For that reason and more, the Court agrees. First, rather than attaching a "memorandum of law" to her "motion" as required by Local Rule 7.1(A)(1), her "motion" consists entirely of a four-page factual account without any explanation or argument on why she is entitled to an amendment. Not even her pro se status immunizes her from the Court's Rules. Second, even overlooking this issue, the Court would deny the amendment as futile. Assuming the motion Plaintiff submitted is actually the proposed amendment, it couldn't survive a motion to dismiss. The "complaint" is a meandering mess. Plaintiff says she seeks "to include harassment and invasion of privacy" claims, which the Court assumes arise under Georgia law. (Dkt. 55 at 1); *Williams v. Ga. Dep't of Corr.*, 791 S.E.2d 606, 610 (Ga. Ct. App.

2016) (acknowledging the "right of privacy" tort includes "intrusion upon the plaintiff's seclusion or solitude, or into his private affairs"). Yet it's entirely unclear what *factual* allegations Plaintiff believes would support these claims. The "complaint" cites a vague hodge podge of wrongdoing. It, for instance, mentions "Defendant" (whichever of the four Defendants that is) surveilling her home every day (sometimes through a "DVR system") and stalking her. (Dkt. 55 at 1, 3.) It then says the State of Ohio routinely "shut off [P]laintiff's water, causing [her] distress," and "Defendants coerced neighbors to sic their pit bulls on Plaintiff," which terrified her. (*Id.* at 2.)[3] It somehow gets more confusing from there. Plaintiff includes numerous implausible paragraphs about her neighbor blocking her walkway with a large dog, someone moving items in her home, an unidentified "Defendant persuad[ing] [a] home warranty company to not cover" her air conditioning unit, an automobile wreck,

[3] To the extent Plaintiff asserts claims against the State of Ohio or Ohio's Bureau of Workers' Compensation (a state agency), such claims are also futile because the Eleventh Amendment bars them, as Defendant points out (Dkt. 57 at 4–5). *Nicholl v. Bd. of Regents of Univ. Sys. of Ga.*, 706 F. App'x 493, 495 (11th Cir. 2017) ("Sovereign immunity under the Eleventh Amendment applies both to states and to those entities that are considered 'arm[s] of the state.'").

untold "Defendants" dissuading counsel from taking her case, and—again—unnamed "Defendants" suggesting to her friends and romantic partners that she "worked as a prostitute." (*See* Dkt. 55.) As those allegations show, Plaintiff never specifies who took which action, what claim she asserts against them, or even how such statements support a claim. So the "complaint" both fails to state any claim and is a shotgun pleading. *First IC Bank v. N. Am. Title Ins. Co.*, 2020 WL 3404932, at *4 (N.D. Ga. June 11, 2020) (denying as futile leave to amend because the proposed complaint is a shotgun pleading). In all, the Court denies Plaintiff's amendment.

## II. Defendant's Motion to Dismiss

Several defendants earlier moved to dismiss, arguing Plaintiff cannot state a claim because she lumps together allegations against "Defendants" and implausibly pleaded her claims. (Dkt. 10.) The Court, ordering repleader, found Plaintiff's threadbare complaint a shotgun pleading because it asserted claims against multiple Defendants without noting which actions each took and included many "conclusory, vague, [] immaterial[, and confusing] facts" disconnected from claims. (Dkt. 49 at 4–7.) The Court then gave precise instructions to remedy those issues

and warned Plaintiff of the consequences of not complying. (*Id.* at 8–12.) Defendant believes Plaintiff wasted that opportunity. (Dkt. 56-1.)[4] It says, among other things, Plaintiff failed to follow the Court's clear instructions by submitting yet another pleading littered with vague and conclusory information and which fails to state any claim. (*Id.* at 2, 9–12.) The Court agrees.

"Shotgun pleadings are cumbersome, confusing complaints" that "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Yeyille v. Mia. Dade Cnty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016); *Weiland v. Palm Beach Cnty.*

[4] Defendant styles its motion as a motion to dismiss Plaintiff's *second* amended complaint and repeatedly refers to such pleading. (*See* Dkt. 56-1.) Because the Defendant's arguments apply equally to both complaints, the Court cites Defendant's arguments even though it attacks the pleading the Court disregards. And of course, the Court had a duty to dismiss the action even if Defendant never raised the issue. *Weiland*, 792 F.3d at 1320 (recognizing a court possesses "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint" as a shotgun pleading); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("Implicit in [] a repleading order is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or dismiss his case[.]").

*Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has "little tolerance" for any shotgun pleadings because they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on [federal] court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Accordingly, the Eleventh Circuit has repeatedly urged district courts to "confront shotgun pleadings head on at the earliest stages of litigation." *Barmapov v. Amuial*, 986 F.3d 1321, 1329 (11th Cir. 2021) (Tjoflat, J., concurring).

The operative complaint is a shotgun pleading. It violates almost every pleading instruction the Court gave earlier. (*See* Dkt. 49 at 8–10.) The complaint neither numbers the individual allegations nor separates "discrete claims" into distinct counts. *Toth v. Antonacci*, 788 F. App'x 688, 691 (11th Cir. 2019). And far from stating claims in "simple, concise, and direct" terms, the complaint includes a litany of disjointed, confusing conduct. (Dkt. 52.) But none of the conduct appears to align with any specific claim. Take Plaintiff's third paragraph. Despite initially suggesting she asserts some breach-of-contract claim against Ohio Public Employees Retirement System, she couches the paragraph (the only

statements even mentioning such Defendant) as if it's simply an illustration of how the State of Ohio has engaged in a "pattern and practice . . . of harassment and retaliation through its agencies" towards her. (Dkt. 52 at 5.) But this paragraph begs the question: is this an effort to allege a contract claim, an ERISA claim, a Title VII claim, or some combination of all three? Or is it just an example of misconduct supporting some other claim against someone else? This puts Plaintiff between a rock and a hard place. If the above allegations are independent claims, the complaint fails to "separate each cause of action . . . into a different count." *Toth*, 788 F. App'x at 691; *Bickerstaff Clay Prods. Co. v. Harris Cnty. By & Through Bd. of Comm'rs*, 89 F.3d 1481, 1485 (11th Cir. 1996) ("The complaint is a typical shotgun pleading, in that some of the counts present more than one discrete claim for relief."). Yet if the statements are *not* independent claims, they are "conclusory, vague, [or] immaterial facts not obviously connected to any particular cause of action." *Id.* Either case indicates a shotgun pleading.

Making matters worse, she—again, despite clear instructions to cut out immaterial information, including allegations about non-party misconduct (Dkt. 49 at 6–7, 9)—includes vast amounts of immaterial

information. Almost a fourth of her complaint, for example, alleges misconduct by the Ohio Civil Rights Commission, including violations of Title VII through a "perpetual investigation" of Plaintiff preventing her from "securing an attorney" and "fail[ing] to properly investigate the agencies harassing and retaliating against" her. (Dkt. 52 at 5.) But Plaintiff doesn't seem to name the Ohio Civil Rights Commission as a party in the operative complaint. *Worldspan Marine Inc. v. Comerica Bank*, 2021 WL 5882006, at *2 (11th Cir. Dec. 13, 2021) (agreeing a complaint "replete with unnecessary information about non-parties" is a shotgun pleading). Meanwhile, the allegations against *actual* parties consist almost entirely of vague statements or legal conclusions camouflaged as facts. Plaintiff alleges, for example, Defendant Ohio Highway Patrol violated a state discrimination statute "by conducting an ongoing fact-finding investigation" that "exceeds its authority, abuses its power, and prejudices boyfriends against the Plaintiff." (Dkt. 52 at 5.) These fanciful allegations never flesh out what "fact-finding investigation" Plaintiff refers to (other than some unknown person entering Plaintiff's home and accessing her data) or otherwise add any

concrete details, like when the intrusion occurred.[5] She also alleges the State of Ohio, for instance, "systematically victimized the Plaintiff for filing a Title VII violation against it in 1997 when she filed an EEOC complaint and sued it" and "intimidated every attorney or law clinic the Plaintiff contacted." (*Id.*) But she neither offers any details about this alleged misconduct nor clarifies whether such misconduct is separate from her prior allegations (or simply some restatement of them). At bottom, the problem with Plaintiff's allegations is that they don't "draw any clear lines between the legal and factual bases for [the] claims" or "set forth the elements of any of [the] claims" to allow a reader to distinguish the two. *Toth*, 788 F. App'x at 691. So the reader must guess which sentences matter to any claims—to the extent any exist.

And overall, the complaint's core problem is that it "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. It is "so disorganized and ambiguous that it is almost impossible to discern precisely what it is

---

[5] Somewhat ironically, the complaint omits altogether any allegations against Defendant Ohio Bureau of Workers' Compensation.

that" Plaintiff alleges. *Cramer v. Florida*, 117 F.3d 1258, 1261 (11th Cir. 1997). And that's fatal.

The Court meant what it said: it would dismiss the action if Plaintiff filed another like pleading. (Dkt. 49 at 12 ("To be clear, if Plaintiff files another pleading with the same defects, the Court will dismiss the case with prejudice.").) Plaintiff has given no "indication that [s]he would be willing and able to comply if given another opportunity." *Kennedy v. Bell S. Telecomms., Inc. (AT & T)*, 546 F. App'x 817, 820 (11th Cir. 2013). And if the prior complaints are any sign of what could come again, the Court has no hope that another opportunity to amend would sharpen the claims. So the Court dismisses the complaint as a shotgun pleading *without* prejudice.[6]

---

[6] The Court also dismisses Plaintiff's complaint (without prejudice) for two other related reasons. First, she did not comply with the Court's prior instructions about how to draft her amended complaint. (*See* Dkt. 49.) Those instructions overlap substantially with the rules governing shotgun pleadings. And the amended complaint violates them for many of the same reasons. Indeed, given the Court's prior instructions, "plaintiff had fair notice of the defects [in her complaint] and a meaningful chance to fix them." *Lennen v. Marriott Ownership Resorts, Inc.*, 2021 WL 5834264, at *12 (11th Cir. Dec. 9, 2021). That she failed to do so permits dismissal *with prejudice*. *Id.* ("After . . . one opportunity to replead comes and goes, the district court may dismiss with prejudice if the party has still not filed a compliant pleading."); *see Vujin v. Galbut*,

## III. Conclusion

The Court **DENIES** Plaintiff's motion (Dkt. 55), **GRANTS** Defendant's motion to dismiss (Dkt. 56), and **DISMISSES WITHOUT PREJUDICE** this action because Plaintiff's complaint constitutes a shotgun pleading and violates the Court's prior Order (Dkt. 49). Consequently, the Court **DENIES AS MOOT** all other motions. The Court **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 22nd day of January, 2026.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

836 F. App'x 809, 818 (11th Cir. 2020) ("Because [plaintiff] failed to cure the deficiencies that the District Court identified when dismissing his FAC, the Court was within its discretion to dismiss his SAC with prejudice."). Ultimately, however, the Court elects to dismiss the case without prejudice given Plaintiff's pro se status.

Second, to the extent any claims exist, she fails to plead plausibly any claims by stating claims in conclusory fashion and omitting factual allegations or any concrete information on Defendants' misconduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").